UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

BILL LIETZKE,                                                 Civil No. 07-3007 (DSD/SRN)

            Plaintiff,

    v.                                                        **REPORT AND RECOMMENDATION**

COUNTY OF MONTGOMERY, ET AL,
ABC, REESE MCKINNEY,
D.T. MARSHALL, and DEF,

            Defendants.

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that the action be dismissed without prejudice.

## I.  BACKGROUND

Plaintiff alleges that on two separate occasions, first in 1999 and again in 2002, he was apprehended by agents of the Sheriff for Montgomery County, Alabama, and then involuntarily detained in a mental health care facility.

After Plaintiff was apprehended in 1999, a Montgomery County probate judge allegedly ordered Plaintiff to be held by the "Alabama Department of Mental Health." Plaintiff allegedly was taken to Jackson Hospital in Montgomery, Alabama, and later to the Greil Memorial Psychiatric Hospital, also located in Montgomery, Alabama.  Plaintiff alleges

that he was held against his will for 69 days, and during that time he was subjected to "inappropriate medications and improper medical care."

Plaintiff allegedly was returned to the Greil Hospital after he was apprehended for the second time in 2002.  On that occasion, he allegedly was held for 18 days, during which time he was placed in shackles and chains.

Plaintiff is now attempting to sue Montgomery County, several County employees, and the probate judge who allegedly ordered his 1999 confinement.  He claims that Defendants violated his rights under the federal Constitution, and he also asserts claims for "first degree kidnapping," "harassment," and "felony false imprisonment."  Plaintiff is seeking a judgment against the named Defendants in the amount of $41,000,000,000.00.

It clearly appears on the face of the complaint that all of Plaintiff's claims arose out of events that occurred entirely in the State of Alabama.  It is also clear that none of the named Defendants is located in the State of Minnesota, and that none of the Defendants has had any meaningful contact with the State of Minnesota.  It is therefore necessary and appropriate for the Court to consider whether there is any proper basis for exercising personal jurisdiction over any of the Defendants here in the District of Minnesota.

## II. DISCUSSION

A two-step analysis is used to determine whether a court can properly exercise personal jurisdiction over a defendant.  Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1387 (8th Cir. 1995).  First, the court must consider whether personal jurisdiction can properly be exercised under the state law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute."  Id.  "Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment."  Id.  "Minnesota [state] courts have concluded that if a non-

resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied." Id. The dispositive issue, therefore, is whether this Court can exercise personal jurisdiction over the named Defendants without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Id., citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" Northrup King, 51 F.3d at 1387, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 297 (1980).

In this case, the complaint does not describe any contact or connection of any kind between any of the named Defendants and the State of Minnesota. Therefore, the Court can find no proper basis for exercising personal jurisdiction over any of the Defendants.

When an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed. Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985); see also, Martin-Trigona v. Smith, 712 F.2d 1421, 1424 (D.C.Cir. 1983). In the alternative, the Court may find that the action should be transferred to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631.

Section 1631 provides that "[w]henever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed." A transfer under § 1631, rather than dismissal, is

3

appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." Gunn v. United States Dep't of Agriculture, 118 F.3d 1233, 1240 (8th Cir. 1997), cert. denied, 522 U.S. 1111 (1998), citing In re Apex Oil Co., 884 F.2d 343, 346 (8th Cir. 1989); Hempstead County and Nevada County Project v. United States E.P.A., 700 F.2d 459, 463 (8th Cir. 1983).  Thus, in order to determine whether the "interests of justice" require that a case be transferred, rather than dismissed, a court must consider whether dismissal of the action will affect the plaintiff's vulnerability to a statute of limitations defense.  If the plaintiff can still refile his action in a proper court before the statute of limitations expires, then a transfer pursuant to § 1631 is unnecessary, and the case can simply be dismissed.  Gunn, 118 F.3d at 1240 (transfer pursuant to § 1631 not required where Plaintiff could still bring a timely action in a proper court); cf. Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp.2d 993, 999 (D.Neb. 1998) (case transferred to court that had personal jurisdiction where it appeared that the statute of limitations expired shortly after the case was filed in the transferor court).

In this case, Plaintiff's claims are based on events that allegedly occurred over a period of several years, and he is seeking relief based on a variety of legal theories. Although it appears quite likely that at least some of Plaintiff's claims are already time-barred, it does not appear that there are any claims that were timely when this action was commenced, which will be rendered untimely if Plaintiff is compelled to re-file his lawsuit in another court.  Plaintiff has not suggested, and the Court finds no reason to believe, that any of Plaintiff's claims is subject to a statute of limitations deadline that will expire in the near future.  Thus, the Court concludes that it would be preferable to dismiss this action, rather than transfer it to another district pursuant to § 1631.

## III.  CONCLUSION

For the reasons discussed above, the Court will recommend that this action be dismissed for lack of personal jurisdiction.  It will be recommended that the action be dismissed without prejudice, so that Plaintiff will be free to file a new complaint in a court that could exercise personal jurisdiction over the named Defendants, (presumably a federal or state court in Alabama).  Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's IFP application be denied.  See Sanders, supra; see also 28 U.S.C. § 1915(e)(2)(B)(ii) (providing for dismissal of IFP cases where the complaint fails to state an actionable claim).

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2.  This action be dismissed without prejudice.


Dated:   July 2, 2007

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 17, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.